DELGADO, PLAINTIFF AND APPELLANT, *v.* DÍAZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2404.—Decided February 25, 1922.

APPEAL—EVIDENCE.—When by stipulation the trial court had before it only the testimony of witnesses transcribed from another case and not the witnesses themselves, the Supreme Court is in the same situation to weigh the facts as was the court below.

NEGLIGENCE—AUTOMOBILE—EXCESSIVE SPEED.—When a pedestrian appears on the road in front of an automobile it is the duty of the driver to have the car under such control as the circumstances may require and he has no right to rely on his ability to get by.

ID.—DAMAGES.—It being proved that the proximate cause of the accident was the negligence of the chauffeur and that the boy would be more or less incapable of steady work on account of the injury of his leg, a judgment for $3,000 with costs and attorney fees is reasonable.

The facts are stated in the opinion.

*Mr. L. Muñoz Morales* for the appellant.

*Mr. L. Llorens Torres* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of San Juan, First Section, exonerated the appellee from the payment of damages on account of the injuries caused to the appellant, the said injuries being alleged to have arisen from the negligence of the chauffeur of the appellee while driving a car.

The appellee was in the car at the time of the accident.

The court was of the opinion that the accident was caused by the sudden deviation on the road of two boys who were

in front of the machine, causing the chauffeur to run into the complainant.

The appellant insists that the proximate cause of the accident was the high speed at which the machine was going on a straight, broad road with ample opportunities to see ahead.

As we understand the evidence, several boys were somewhere in the middle of the road and made an effort to get out of the way of the machine, and the chauffeur, in trying to avoid them, struck the complainant, another boy. The question, however, that is presented to us is whether the automobile was not going so rapidly as to prevent the chauffeur from having the control over his machine that the law requires. There was no proof .of contributory negligence.

It generally happens when we are called upon to review the evidence that the court below has been in a better position to resolve the conflict between the two sets of witnesses and judge of their veracity. This appeal presents a completely different aspect. The whole proof with regard to the happening of the accident was, by a stipulation, a transcript from the evidence of another case. In other words, the court below had before it merely the declarations of the witnesses as reproduced from the other case, and not the witnesses themselves. Nor was the former case tried in the same court, nor by the judge who presided in this one. Therefore, as the evidence merely appeared of record, we are in the same situation to weigh the facts as was the court below.

The evidence so submitted is strong and convincing that the appellee's chauffeur was going at an unusually high rate of speed; that the boys whom he tried to avoid striking were in plain sight, and it is a necessary deduction that if, on seeing them, he had reduced his speed instead of trying to avoid them, the accident probably would not have happened. When someone appears on the road in front of a chauffeur it is his duty to have his machine under such control as the

circumstances may require. The law as set forth in *People v. Blandford*, 23 P. R. R. 580, is applicable. A chauffeur has no right to rely on his ability to get by. The evidence tends to show that there was not only a high rate of speed, but that such speed was in excess of the speed limit. Therefore the judgment must be reversed and another rendered for the complainant.

We have said that the proof of the accident was taken from another record, but witnesses were presented in this case to prove the nature of the injuries and the amount of the damages. The boy suffered an accident to his leg which the experts testify would render him more or less incapable of steady work. Therefore we fix the damages at $3,000, with costs and counsel fees.

*Reversed and substituted.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.